IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| George Holmes, | ) | Civil Action No.: 2:11-1132-SB-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Sgt. Henry Sims, | ) | |
| | ) | |
| Defendant. | ) | |

The Plaintiff, a prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the Court on the Plaintiff's Motion for a Preliminary Injunction. (Dkt. # 13.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983, and submit findings and recommendations to the District Court.

The Plaintiff brought this action on May 9, 2011, alleging a claim for civil rights violations. Thereafter, on June 7, 2011, he filed this motion for a preliminary injunction in which he contends that the Defendant has threatened him.[1] Specifically, he allege the

---

[1] The undersigned notes that the Defendant did not file a response to this motion. However, the Plaintiff also sought a preliminary injunction in his Complaint (Compl. 4-5) and the Defendant in his Answer (Dkt. # 20), stated that the motion should be denied and was moot.

Defendant said he was "going to get [his] fat ass bitch." He states that he cannot take it anymore and every time he sees the Defendant, he wants to kill him. He states he is seeking a restraining order to keep the Defendant away from him and he warns that before he will allow the Defendant to assault him again, he will kill him.

It is well-settled that a preliminary injunction is an extraordinary form of relief that is to be granted only if no adequate remedy at law exists, and the movant establishes a clear entitlement to relief. *See In re Microsoft Corp. Antitrust Litig,* 333 F.3d 517, 524-26 (4th Cir. 2003). Fed.R.Civ.P. 65(b)(1)(A). Rule 65 of the Federal Rules of Civil Procedure requires a showing of "specific facts in an affidavit or a verified complaint [that] clearly show that [he will suffer] immediate and irreparable injury, loss or damage" in order for a temporary restraining order to issue. The Supreme Court has set forth four factors which the Petitioner must establish in order to be granted preliminary injunctive relief: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities is in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, --- U.S. ----, 129 S.Ct. 365 (2008).

Here, the Plaintiff cannot demonstrate irreparable harm if his motion is denied. The Plaintiff has failed to demonstrate that there is any likelihood of future harm, much less that such harm is actual and imminent.

Wherefore, based on the foregoing, it is RECOMMENDED that the Plaintiff's Motion for a Preliminary Injunction (Dkt. # 13) be DENIED.

IT IS SO RECOMMENDED.

                                                                                                                                           s/Bruce Howe Hendricks
                                                                                                                                           United States Magistrate Judge

August 15, 2011
Charleston, South Carolina

**The Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).