IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| George Holmes, #289114,   ) | |
|                           ) | |
|     Plaintiff,            ) | |
|                           ) | Civil Action No. 2:11-1132-SB |
| v.                        ) | |
|                           ) | |
| Sgt. Harry Sims,          ) | **ORDER** |
|                           ) | |
|     Defendant.            ) | |

This matter is before the Court upon the Plaintiff's pro se complaint, which was filed pursuant to 42 U.S.C. § 1983. By local rule, the matter was referred to a United States Magistrate Judge for preliminary determinations.

On September 22, 2011, the Defendant filed a motion for summary judgment, and on September 22, 2011, Magistrate Judge Bruce Howe Hendricks issued an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4 th Cir. 1975), advising the Plaintiff of the summary judgment procedure as well as the possible consequences of his failure to respond to the motion. Despite this order, the Plaintiff failed to respond.

Therefore, on November 2, 2011, the Magistrate Judge issued a second order, instructing the Plaintiff to file a response to the motion before November 22, 2011. The Magistrate Judge specifically advised the Plaintiff that if he did not respond, then the Court would dismiss this case for failure to prosecute. The Plaintiff again failed to respond.



Based on the foregoing, on November 29, 2011, the Magistrate Judge issued a report and recommendation ("R&R") concluding that the Plaintiff no longer wishes to pursue this case and recommending that the Court dismiss the Plaintiff's complaint with prejudice for lack of prosecution and for failure to comply with the Court's orders, pursuant

to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in <u>Chandler Leasing Corp. v. Lopez</u>, 669 F.2d 919, 920 (4th Cir. 1982). Attached to the R&R was a notice advising the Plaintiff of the right to file specific, written objections to the R&R within 14 days of the date of service of the R&R. To date, no objections have been filed.

Absent timely objection from a dissatisfied party, a district court is not required to review, under a de novo or any other standard, a Magistrate Judge's factual or legal conclusions. <u>Thomas v. Arn</u>, 474 U.S. 140, 150 (1985); <u>Wells v. Shriner's Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997). Here, because the Plaintiff did not file any specific, written objections, there are no portions of the R&R to which the Court must conduct a de novo review. Moreover, after a review of the record, the Court agrees with the Magistrate Judge that the Plaintiff's lack of action in this case indicates that he no longer wishes to proceed. Accordingly, the Court hereby adopts the Magistrate Judge's R&R (Entry 37), and it is

**ORDERED** that the Plaintiff's complaint is dismissed with prejudice for failure to prosecute and for failure to comply with the Court's orders.

**IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

December 27, 2011
Charleston, South Carolina

2